# 99 DTA 214

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL V

ING. ENRIQUE CAMACHO TORRES, LYDIA VELAZQUEZ DE CAMACHO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Demandantes-Apelantes

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO; HON. PEDRO PIERLUISI URRUTIA EN SU CAPACIDAD DE SECRETARIO DE JUSTICIA; DIVISION DE CONFISCACIONES Y SU DIRECTOR JUAN M. TIRADO RIOS EN SU CAPACIDAD OFICIAL; DIVISION DE CONFISCACIONES Y JOSE R.

TIRADO VILLEGAS EN SU CAPACIDAD DE DIRECTOR EJECUTIVO
Demandados-Apelados

Núm. KLAN-99-00457

San Juan, Puerto Rico, a 30 de junio de 1999

Panel integrado por su Presidente, Juez Ramón Negrón Soto
y los Jueces Antonio J. Negroni Cintrón y Jorge Segarra Olivero

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los apelantes nos solicitan que revisemos la sentencia dictada el 3 de marzo de 1999 por el Tribunal de Primera Instancia, Sala Superior de Ponce, en el caso instado por el Ing. Enrique Camacho Torres, Lydia Velázquez de Camacho y la Sociedad Legal de Gananciales compuesta por ambos contra el Estado Libre Asociado de Puerto Rico y otros, Civil Número JAC-95-0464, sobre impugnación de confiscación. Archivada en autos copia de la notificación de la sentencia el 7 de abril de 1999, el recurso apelativo fue presentado el 6 de mayo siguiente y los apelados presentaron su alegato, por lo que estamos en condiciones de dictaminar.

### I

El señor Vicente León Martínez fue acusado y convicto de los delitos de tentativa de asesinato, infracción a la Ley de Vehículos y Tránsito y Daños Agravados por lo que fue sentenciado a un año de cárcel en el primero y a seis (6) meses en cada uno de los restantes. A éste se le ocupó una pala mecánica modelo KOMATSU D-55-S por haberla utilizado para cometer los delitos mencionados, aunque el equipo le pertenecía al co-apelante, Ingeniero Enrique Camacho Torres.

Notificado que la pala mecánica había sido confiscada y tasada en doce mil quinientos dólares ($12,500.00), el Ing. Camacho Torres prestó la fianza e impugnó la confiscación ante el tribunal de instancia. En su demanda expuso, entre otras cosas, que el señor León Martínez se encontraba en posesión de la pala mecánica sin su consentimiento, ya que éste la tenía para repararla y pintarla; que le entregó ciento sesenta dólares ($160.00) para ello, y que, aunque el señor León Martínez había reparado la máquina, no había

terminado de pintarla, por lo que ésta continuaba bajo su cuidado. Planteó que era un tercero inocente que había sido perjudicado por las actuaciones ilegales del señor León Martínez.

La parte apelada contestó la demanda y se trabó la controversia.

Luego de varios trámites procesales, el 20 de enero de 1999 se celebró la vista en su fondo. El 3 de marzo de 1999, el tribunal de instancia dictó la sentencia apelada desestimando la demanda de impugnación de confiscación. En ésta formuló las siguientes determinaciones de hecho que no están en controversia:

"1. El 30 de agosto de 1995 se confiscó la pala mecánica modelo KOMATSU D-55-5 por la Policía de Puerto Rico. La misma había sido ocupada el 26 de agosto de 1995 en Yauco.

2. El equipo en cuestión es propiedad del Ingeniero Samuel [sic] Camacho Torres. Este lo utilizaba en diversos proyectos. El mecánico Vicente León Martínez era quien reparaba ese equipo y, para el 26 de agosto de 1995, lo tenía en su poder desde hacía tres meses en su residencia, en el Barrio Barinas de Yauco.

3. Para el 26 de agosto de 1995 ya se había reparado el encendido y faltaba pintar el equipo. La pala mecánica no es un vehículo autorizado a transitar en la vía pública por su naturaleza, ya que posee cadenas que destruyen el asfalto. Tampoco tiene permiso del Departamento de Obras Públicas.

4. El mecánico, Vicente León, no cobraba en metálico por sus servicios con la pala. Como compensación hacía trabajos en el sector donde residía. Así lo había hecho por tres meses a la fecha de la ocupación.

5. Para el 26 de agosto de 1995, los agentes de la Policía se encontraban en la carretera 335 del Barrio Barinas a eso de las 3:50 p.m. la máquina pesada ocupando los dos carriles de la carretera. La policía trató de detener al conductor, Vicente León, pero éste no obedeció las señales e incluso trató de dar muerte al agente Maximinio Torres con ella, incluso destruyó la motora que éste conducía. La máquina se apagó y el agente lo extrajo del vehículo. El conductor venía de efectuar trabajos y había bebido en un restaurante del área de Yauco.

6. Luego de su arresto, el señor Vicente León fue procesado y encontrado culpable de cargos tales como tentativa de asesinato, delito grave daños maliciosos y sentenciado a pasar [sic] de reclusión de un año y seis meses respectivamente.

7. El Ing. Camacho Torres no conocía la conducta delictiva previa ni la tendencias del mecánico. Confiaba en él y por ello le entregó la posesión y custodia del vehículo. Tampoco tomó medida para limitar el uso del mismo. Luego de conocer sus actos, terminó su relación con el señor Vicente León."

En su escrito, los apelantes le imputan al tribunal de instancia la comisión de los siguientes errores:

"1. Declarar no ha lugar la demanda impugnando la confiscación de la pala mecánica.

2. No aplicar la doctrina de tercero inocente alegada por la parte apelante."

Por los fundamentos que a continuación exponemos, confirmamos la sentencia apelada por estimar que los errores no se cometieron. Los discutiremos conjuntamente.

## II

El procedimiento de confiscaciones establecido en la Ley Uniforme de Confiscaciones, Ley Número 93 de 13 de julio de 1988, 34 L.P.R.A. sec. 1723 *et seq.*, es de carácter civil o *in rem. Carlos F. Del Toro Lugo v. E. L.A.*, Op. de 12 de septiembre de 1994, **94 J.T.S. 119.** Va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor o encargado. *General Accident Insurance Co. v. E.L.*A., Op. del 23 de noviembre de 1994, **94 J.T.S. 140.**

Como acción *in rem*, se le imputa a la misma cosa el haber sido utilizada en la comisión de un delito. Es una ficción jurídica mediante la cual en cierta medida se culpa a la propia cosa por su participación en el delito. Debido a ello la culpabilidad o inocencia del propietario es impertinente en cuanto a la procedencia o no de la confiscación civil. El derecho del Estado de tomar posesión de la cosa surge del mal uso que se le ha dado a la misma. *Del Toro Lugo v. E.L.A.*, *supra*. La confiscación civil requiere que exista prueba suficiente y preponderante de que se ha cometido un delito y de que existe un nexo entre la comisión del delito y la propiedad confiscada.

La Ley Uniforme de Confiscaciones, *supra*, por su parte, regula todo lo concerniente al procedimiento de confiscación. Su Artículo 2, 34 L.P.R.A. sec. 1723, dispone, en lo pertinente, lo siguiente:

*"Toda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves o menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones, así como en otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada en favor del Estado Libre Asociado de Puerto Rico."*

Al tenor de esto y como la confiscación va dirigida contra la cosa y no contra el dueño, si éste consciente y voluntariamente ha puesto la misma en posesión del infractor o de la persona bajo la cual éste actúa, los derechos del dueño corren la suerte del uso a que el poseedor pueda someterla. *Del Toro v. E.L.A., supra; E.L. A. v. Tribunal Superior, supra; Metro Taxicabs v. Tesorero*, 73 D.P.R. 171 (1952). Esta norma ha cedido cuando el propietario no ha puesto el vehículo en posesión del infractor de manera voluntaria, o cuando ha tomado medidas cautelares expresas para precaver el uso ilegal de la propiedad en la comisión del delito. *Del Toro Lugo v. E.L.A., supra*. Sobre este respecto, el Tribunal Supremo de Puerto Rico expuso en el caso de *General Accident Insurance Co. v. E.L.A., supra*, pág. 411, lo siguiente:

*"Siguiendo una ruta de cautelosa atenuación de severidad, en los casos antes mencionados y otros, hemos reconocido que cuando los dueños de automóviles no han autorizado el uso de los mismos y, sin su anuencia o conocimiento, los vehículos has sido utilizados para la comisión de delitos, los dueños de ellos son terceros inocentes, protegidos de la confiscación, si la conducta del conductor del vehículo confiscado fue tal que daba lugar a una apreciación de que éste cometió lo que nuestro Código Penal antes tipificaba como delito de hurto de uso."*

## III

En la causa que nos ocupa, la parte apelante alegó y declaró en el juicio celebrado que era un tercero inocente protegido contra la confiscación. Sin embargo, las determinaciones de hecho formuladas a base de la prueba presentada y creída por el tribunal de instancia en el juicio demuestra que el Ing. Camacho no es un tercero inocente.

El infractor León Martínez obtuvo la posesión de la pala mecánica de manera voluntaria del Ing. Camacho y no incurrió en conducta constitutiva de lo que antes se tipificaba como hurto de uso. *General Accident Insurance Co. v. E.L.A., supra.* El antiguo Artículo 444 del Código Penal disponía que aquél que intencionalmente, sin la autorización del dueño o de la persona que lo represente, tomare un automóvil u otro vehículo de motor con el objeto de usar el mismo temporalmente es culpable de delito menos grave; y si la persona cometiere o intentare cometer otro delito durante tal uso, entonces será reo de delito grave. Véase, *Ochoteco v. Tribunal Superior,* 88 D.P.R. 517, 528 (1963).

En este caso no estamos ante un *"hurto de uso".* Los apelantes tenían conocimiento de que el infractor utilizó la pala mecánica durante tres meses, sin restricción por parte de éstos. El señor León Martínez cometió varios delitos y se probó el nexo entre los delitos y la pala mecánica confiscada. De las determinaciones de hecho formuladas por el tribunal de instancia surge, también, que los apelantes pusieron la pala mecánica en la posesión del señor Vicente León Martínez de manera voluntaria y que no tomaron ninguna medida cautelar expresa para precaver el uso ilegal de la propiedad. El tribunal creyó la prueba presentada que demostró que el señor León Martínez utilizaba la pala mecánica como compensación por sus servicios para hacer trabajos en el sector, sin que los apelantes le impusieran ningún límite.

Siendo doctrina reiterada que las determinaciones del tribunal de instancia deben ser objeto de gran deferencia, en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, *Riley v. Rodríguez de Pacheco,* 119 D.P.R. 762 (1987), este Tribunal Apelativo no debe intervenir innecesariamente con ellas, porque pueden estar usurpando las facultades adjudicativas del tribunal apelado. Véase, *Morán Simó v. Gracia Cristóbal,* 106 D.P.R. 155 (1977). No habiéndose demostrado razones que lo justifiquen, sería injusto sustituir el criterio del juez de instancia en este caso. *Orta v. Padilla Ayala,* Op. del 8 de febrero de 1995, **95 J.T.S. 21.** Los apelantes no convencieron al tribunal de instancia de que eran terceros inocentes, por lo que éste no erró al no aplicar la doctrina de tercero inocente y al desestimar la demanda impugnando la confiscación.

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General